IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Louis Fuller, Jr. a/k/a Lewis Fuller, Jr., # 067529, | ) ) ) | C.A. No. 4:05-2899-HMH-TER |
| Petitioner, | ) ) | |
| vs. | ) ) | **OPINION & ORDER** |
| E. Richard Bazzle, Warden; and the Attorney General of the State of South Carolina, | ) ) ) ) ) | |
| Respondents. | ) ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local

Rule 73.02 DSC.[1]   Louis Fuller, Jr. ("Fuller") is a pro se state prisoner seeking habeas

corpus relief pursuant to 28 U.S.C. § 2254.  In his Report and Recommendation, Magistrate

Judge Rogers recommends dismissing Fuller's petition on the grounds that it is untimely and

that Fuller has given no grounds for equitably tolling the statute of limitations.

Fuller filed objections to the Report and Recommendation.  Objections to the Report

and Recommendation must be specific.  Failure to file specific objections constitutes a waiver

of a party's right to further judicial review, including appellate review, if the recommendation

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th

Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the

Magistrate Judge, this court is not required to give any explanation for adopting the

recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that all but one of Fuller's objections are non-specific,

unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation,

or merely restate his claims.  Fuller specifically objects that he could not raise his claims

earlier "because [he] only became aware of these violations as, [sic] [he] became acquainted

with the law as a layman . . . ."  (Objections 5.)  Mere ignorance of the law does not warrant

equitably tolling the limitations period applicable to a petition under § 2254.  Cf. Harris v.

Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (finding that the petitioner had failed to

show the extraordinary circumstances required to justify equitably tolling the statute of

limitations under the Antiterrorism and Effective Death Penalty Act when his lawyer

misadvised him, resulting in an untimely petition); Richards v. Mileski, 662 F.2d 65, 71 n.10

(D.C. Cir. 1981) (noting that "mere ignorance of the law does not ordinarily toll the statute of

limitations," but the key inquiry is whether the late filer exercised due diligence to discover

the facts underlying the claim).  Fuller has not argued that he exercised due diligence and

could not have discovered the facts underlying his claims earlier, but rather asserts that he

discovered his claims when he learned the law.  (Objections 5).  Therefore, Fuller has failed

to show the extraordinary circumstances necessary to justify equitably tolling the statute of

limitations, his objection is without merit, and, after a thorough review of the Magistrate

2

Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and

Recommendation.

It is therefore

**ORDERED** that Fuller's petition is dismissed without prejudice and without issuance

and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 17, 2005

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.